OMNI CORP., doing business as Expressions Custom Furniture, and Jaris Corp., doing business as Design Ctr., Plaintiffs–Appellants,

v.

SONITROL CORPORATION, doing business as Sonitrol Svc Co., Defendant–Appellee.

No. 07–2672–cv.

United States Court of Appeals, Second Circuit.

Dec. 18, 2008.

---

Kevin E. Dehghani, New Haven, CT, for appellants.

Robert N. Lemay (Michael C. Christman, Kane Russell Coleman & Logan, P.C., Dallas, TX; James T. Shearin, Pullman & Comley, LLC, Bridgeport, CT, on the brief), Kane Russell Coleman & Logan, P.C., Dallas, TX, for appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. REENA RAGGI, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiff Omni Corporation ("Omni"), which sued defendant Sonitrol Corporation for failing to perform its contractual obligation to monitor Omni's store for possible flooding, appeals from a judgment (1) limiting its recovery to the amount provided in the contract's limitation-of-damages clause, and (2) dismissing Omni's claim under the Connecticut Unfair Trade Practices Act ("CUTPA") as duplicative of the breach-of-contract claim. The parties agree that the controlling substantive law is that of Connecticut. We review *de novo* the district court's judgment of dismissal, including its determination of state law. *See Salve Regina Coll. v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.,* 517 F.3d 104, 115 (2d Cir.2008). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Breach Claim*

Omni asserts that the district court erred in relying on this court's holding in *Leon's Bakery, Inc. v. Grinnell Corp.,* 990 F.2d 44 (2d Cir.1993), to enforce the limitation-of-damages clause in the parties' contract. It submits that such clauses have now effectively been declared void for public policy by the Connecticut Supreme Court's decision in *Hanks v. Powder Ridge Rest. Corp.,* 276 Conn. 314, 885 A.2d 734 (2005). We disagree.

*Hanks* did not categorically hold that exculpatory agreements or limitation-of-damages clauses violated public policy. Rather, it ruled that the issue could be determined only by reference to the factual circumstances of the particular case in light of current societal expectations. *See id.* at 330, 885 A.2d 734. The circumstances that prompted the court in *Hanks* to invalidate an exculpatory agreement are largely absent from this case. First, the premises and instruments causing plaintiff's personal injuries in *Hanks* were designed, maintained, and controlled by the defendant. *See id.* at 331, 885 A.2d 734. Second, plaintiff, a private person, lacked the knowledge, experience, and authority to discern, much less ensure, that these premises and instruments were maintained in a reasonably safe condition. *See id.* Third, defendant alone could insure against the risks and effectively spread the costs of that insurance among its thousands of customers. *See id.* at 332, 885 A.2d 734. By contrast, in this case, the premises at issue were maintained and controlled by Omni, a commercial entity.

Thus, Omni was better able to discern and ensure that the premises were reasonably maintained to minimize the risk of flooding than was defendant, which was retained simply to monitor the site and provide notice if any flooding was detected. Finally, Omni, as the owner and custodian of the property, was in a far better position than defendant to know the value of its premises "and to bargain with an insurance company for appropriate coverage and an appropriate premium." *Leon's Bakery, Inc. v. Grinnell Corp.*, 990 F.2d at 49. Indeed, in the contract at issue, Omni specifically represented that it had adequate insurance to protect its premises and property, and it did not avail itself of the opportunity offered in the contract to increase the amount of defendant's liability limitation by paying an additional charge. *See id.* (observing that damages-limitations clauses serve to keep alarm systems affordable, which can itself be viewed as consistent with the public interest).

Nothing in *Hanks* signals that, in such circumstances, Connecticut law would fail to apply the reasoning relied on in *Leon's Bakery* to enforce the challenged limitations clause:

> The rationale for upholding an agreement between the purchaser and the manufacturer of an alarm system to limit the liability of the manufacturer is that [m]ost persons, especially operators of business establishments, carry insurance for loss due to various [hazards]. Presumptively insurance companies who issue such policies base their premiums on their assessment of the value of the property and the vulnerability of the premises. No reasonable person could expect that the provider of an alarm service would, for a fee unrelated to the value of the property, undertake to provide an identical type coverage should the alarm fail....

*Id.* at 48–49 (first alteration in original) (internal quotation marks omitted). In fact, after *Hanks,* lower Connecticut courts continue to cite favorably to *Leon's Bakery* in upholding damages-limitations clauses in contracts for alarm services. *See New London County Mut. Ins. v. Nissan N. Am., Inc.*, No. UWYCV024003594S, 2007 WL 1299185, at *6, *8 (Conn.Super.Ct. Apr. 23, 2007) (citing *Leon's Bakery* to uphold limitation-of-liability clause and award summary judgment on breach-of-contract claim relating to fire-alarm services); *Nat'l Fire Ins. Co. v. PPG Indus.*, No. X03CV024022069, 2006 WL 1391542, at *4 (Conn.Super.Ct. May 8, 2006) (same).

Accordingly, we conclude that the district court correctly enforced the damages-limitation clause.

### 2. *CUTPA Claim*

Omni does not dispute that, to pursue a CUTPA claim, it must demonstrate aggravating circumstances beyond a simple breach of contract. *See Boulevard Assocs. v. Sovereign Hotels, Inc.*, 72 F.3d 1029, 1038–39 (2d Cir.1995); *A–G Foods, Inc. v. Pepperidge Farm, Inc.*, 216 Conn. 200, 215, 579 A.2d 69 (1990) (holding that CUTPA addresses practices that "offend[ ] public policy"; are "immoral, unethical, oppressive, or unscrupulous"; and cause "substantial injury to consumers" (internal quotation marks omitted)). It submits that the "unconscionable" nature of the contract's limitations clause satisfies this requirement. Like the district court, we conclude that this is simply a recasting of its public-policy argument. *Cf. Smith v. Mitsubishi Motors Credit of Am., Inc.*, 247 Conn. 342, 353, 721 A.2d 1187 (1998) (rejecting claim of "substantive unconscionability" where it was "no more than a reformulation" of appellant's "public policy argument"); *Leon's Bakery, Inc. v. Grinnell Corp.*, 990 F.2d at 49 (discussing en-

forceability of limitation-of-liability clause in terms of unconscionability). Omni's CUTPA theory therefore duplicates its breach-of-contract claim, and our rejection of the latter disposes of the former. *See Boulevard Assocs. v. Sovereign Hotels, Inc.,* 72 F.3d at 1040.

We have considered all of Omni's contentions on this appeal and have found them to be without merit. For these reasons, the judgment of the district court is AFFIRMED.